IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK RAY as next friend, natural guardian and natural parent for his minor child CHARLES RAY,<br><br>Plaintiff,<br><br>vs.<br><br>GPR HOSPITALITY LLC, D/B/A FIVE GUYS BURGERS & FRIES,<br><br>Defendant. | CIVIL ACTION NO.<br><br>1:14-CV-1309-CC |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand [Doc. No. 25]. For the reasons stated herein, the Court **DENIES** the Motion to Remand.

**I.   BACKGROUND**

On March 28, 2014, Plaintiff Mark Ray as next friend, natural guardian and natural parent for his minor child Charles Ray (referred to herein as "Plaintiff") filed his Complaint [Doc. No. 1-1] in the Superior Court of Fulton County, Georgia. According to the Complaint, on December 27, 2013, Charles Ray was an invitee at a retail dining establishment owned by Defendant GPR Hospitality, LLC, doing business as Five Guys Burgers & Fries (referred to herein as "Defendant" or "Five Guys") in Whitfield County, Georgia. (Compl. ¶¶ 1, 4.) Charles went to the men's restroom at Five Guys and injured the tip of his right index finger as he exited the bathroom. (Id. ¶ 5.) His finger became trapped and stuck between the bathroom door's outer stile and the outer casing of the bathroom door frame. (Id.) Plaintiff alleges that the door closer was and had been broken for a significant period of time prior to Plaintiff's injury and that Defendant was negligent in failing to properly maintain the men's restroom and door closer. (Id. ¶¶ 5, 6.) As of the filing of the Complaint, Charles allegedly had "experienced substantial pain and suffering to his

body and mind" and "was forced to alter his daily activities, to include his ability to actively participate in sports." (Id. ¶ 8.) Additionally, Charles "was . . . required to undergo reconstructive surgery on the severed portion of his right index finger." (Id.) Plaintiff's Complaint does not include a demand for a certain amount of damages, but Plaintiff seeks actual, compensatory, general and special damages and specifically seeks damages for past and future medical bills; past, present, and future pain and suffering; past and future lost income; and such other damages as determined by the enlightened conscience of the jury. (Id. ¶¶ 9, 10.)

On May 1, 2014, Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (See Notice and Petition of Removal [Doc. No. 1] "Notice of Removal" ¶¶ 5. 12 .) Defendant predicates federal subject matter jurisdiction on 28 U.S.C. § 1332, asserting that there is complete diversity of citizenship and that the amount in controversy exceeds $75,000, exclusive of interest and costs. (Id. ¶ 12.) Although Plaintiff does not claim a specific amount of damages in the Complaint, Defendant maintains that the Complaint makes it facially apparent that the amount in controversy more likely than not exceeds $75,000. (Id. ¶ 16.)

Plaintiff presently seeks to remand this action to state court, arguing that the amount in controversy is not satisfied. Plaintiff asserts that Defendant's Notice of Removal contains misstatements upon which Defendant relies in an attempt to satisfy its burden of establishing that the amount-in-controversy requirement is satisfied. Plaintiff additionally points out that Defendant did not submit any evidence concerning the amount in controversy. For these reasons, Plaintiff urges the Court to remand the action to Fulton County Superior Court.

Defendant opposes Plaintiff's Motion to Remand, which the parties have now fully briefed. Accordingly, the Motion to Remand is ripe for the Court's review.

## II.    ANALYSIS

### A.    Standard of Review

Pursuant to the general removal statute, "any civil action brought in a State

- 2 -

court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). Original jurisdiction of the district courts of the United States may be based on the presence of a federal question or the existence of a dispute involving citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332. Section 1446 sets forth the procedure for removal of a state civil action to federal court and provides that a defendant seeking removal shall file in the federal district court a "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

This Court has a duty to inquire into its subject matter jurisdiction whenever it may be lacking. Hernandez v. U.S. Atty. Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Where the propriety of removal is in question, the burden of showing that removal is proper is on the removing party. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994); see also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.") (citation omitted).

    B.    <u>Amount in Controversy</u>

"If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional

requirement." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (citations and internal quotation marks omitted). The defendant must prove that the amount in controversy exceeded $75,000 at the time the case was removed. Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002). A removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010).

Generally, "events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." Poore v. Am.-Amicable Life Ins. Co., 218 F.3d 1287, 1291 (11th Cir. 2000), overruled in part on other grounds by Alvarez v. Uniroyal Tire Co., 508 F.3d 639, 641 (11th Cir. 2007). Thus, if removal was appropriate at the time the case was removed, subsequent events, including "loss of the required amount in controversy," do not divest the court of jurisdiction. Leonard, 279 F.2d at 972. A plaintiff's reduction of a claim after removal, by stipulation, by affidavit, or by amendment of the pleadings, does not deprive the district court of jurisdiction. Bankhead v. Am. Suzuki Motor Corp., 529 F. Supp. 2d 1329, 1334 (M.D. Ala. 2008) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).

Here, it is not facially apparent from the Complaint that the amount in controversy exceeded $75,000 at the time of removal, particularly since Plaintiff did not quantify any of his medical expenses in the Complaint. As such, the Court next looks to the Notice of Removal. See Williams, 269 F.3d at 1319 ("If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal . . . ."). In the Notice of Removal, Defendant alleges that Plaintiff's injuries "include[ ] a severed right index finger." (Notice of Removal ¶ 9 (citing Compl. ¶¶ 6, 8)). Defendant further quotes Plaintiff's allegation that "he has 'experienced substantial pain and suffering to his body and mind,' has been 'forced

to alter his daily activities, to include his ability to actively participate in sports, and was also required to undergo reconstructive surgery on the severed portion of his right index finger.'" (Notice of Removal ¶ 10 (quoting Compl. ¶ 8)). Defendant points out the various damages Plaintiff seeks, including "'special damages for past and future medical bills,' as well as 'actual, compensatory, and general damages for past, present, and future pain and suffering, past and present future lost income, and such other damages' together with 'interest and costs of this action.'" (Notice of Removal ¶ 11 (quoting Compl. ¶¶ 9-11)). Defendant adds that "even without considering Plaintiff's past and future medical expenses and lost earnings, the monetary value of Plaintiff's mental and physical pain and suffering is substantial, considering that his finger was severed by a closing door." (Notice of Removal ¶ 16.)

Assuming the truth of the allegations in the Notice of Removal, Defendant makes a convincing case that the jurisdictional requirement is satisfied, but Plaintiff asserts that a comparison of the allegations in the Complaint with the allegations in the Notice of Removal reveals that the allegations in the Notice of Removal are slightly misleading. In this regard, Plaintiff unambiguously alleges in the Complaint that only "the tip of his right index finger [was] injured" and that reconstructive surgery was performed only on a "severed portion of his right index finger." (Compl. ¶¶ 5, 8) (emphasis added). In contrast, the allegations in the Notice of Removal suggest that Plaintiff's entire right index finger was severed. (Notice of Removal ¶¶ 9, 16.) Based on the Court's prior experience with personal injury cases, the Court is of the opinion that even if only a portion of Plaintiff's finger was severed, the damage award in the case could conceivably exceed $75,000. However, because preponderance of the evidence is the standard Defendant must meet and uncertainties about jurisdiction are resolved in favor of remand, Burns, 31 F.3d at 1094, 1095, the Court will consider the case record as it relates to the amount in controversy at the time of removal, Williams, 269 F.3d at 1320 (stating that the court

- 5 -

"may review the record to find evidence that diversity jurisdiction exists" where "the pleadings are inconclusive as to the amount in controversy").

Having reviewed the record in this case, the Court finds, as an initial matter, that Plaintiff tacitly agreed upon removal that the amount in controversy exceeded $75,000, exclusive of interest and costs. Notably, Plaintiff did not file a motion to remand immediately or even within the first few months following removal. Rather, Plaintiff waited over five months after the action had been removed to move the Court to remand the action to state court. Moreover, the Joint Preliminary Report and Discovery Plan, which was filed a little over a month following removal and signed by counsel for both parties, expressly stated that there were no questions about federal jurisdiction. The parties took the same position when they filed an Amended Joint Preliminary Report and Discovery Plan on July 22, 2014. Thus, at least at these points in the litigation, Plaintiff agreed that the action had been removed properly and that the amount in controversy exceeded $75,000, exclusive of interest and costs, at the time of removal.[1] These representations to the Court are relevant to the Court's analysis. See Allen v. Toyota Motor Sales, U.S.A., Inc., 155 F. App'x 480, 481, 482 (11th Cir. 2005) (considering as evidence plaintiff's

---

[1] To be clear, Plaintiff's lack of an objection to jurisdiction at the time of removal and at the time of the filing of the joint preliminary reports does not now preclude Plaintiff from challenging jurisdiction. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). However, Plaintiff's initial position post-removal sheds light on the amount of damages that Plaintiff sought to recover from Defendant at the time that Defendant removed the action, which is the relevant time period for purposes of this jurisdictional analysis. See Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294-95 (11th Cir. 2008) ("The existence of federal jurisdicion is tested at the time of removal."); Leonard, 279 F.3d at 972 ("not[ing] that for purposes of this challenge to the subject matter jurisdiction of the district court, the critical time is the date of removal"); Poore, 218 F. 3d at 1290-91 (holding that the proper inquiry in response to a post-removal, jurisdictional challenge is whether the court had jurisdiction at the time of removal); see also Land Clearing Co. v. Navistar, Inc., No. 11-0645-WS-M, 2012 WL 206171, at *3 (S.D. Ala. Jan. 24, 2012) ("[P]ost-removal developments are properly weighed where they shed light on the amount in controversy at the time of removal.").

representations in joint preliminary report and proposed pre-trial order that no question existed as to the court's subject matter jurisdiction).

Clearly indicative of Plaintiff's intent to recover damages above the jurisdictional threshold is a $150,000 settlement offer that Plaintiff made during the pendency of this action.[2]  Of course, this settlement offer was not among Defendant's removing documents, but the offer is nevertheless proper for the Court's consideration. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1214 n. 66 (11th Cir. 2007).  In Lowery, the Eleventh Circuit explained that a district court is not always limited to considering the removing documents in assessing a challenge to the court's subject matter jurisdiction:

> [I]n some limited circumstances, a defendant may effectively amend a defective notice of removal upon receipt of additional evidence that supplements the earlier-filed notice.  For example, such a situation might arise where, after filing an insufficient notice of removal but before remand is ordered, the defendant receives a paper from the plaintiff that would itself prove sufficient grounds for removal.

Id. at 1214 n. 66.  Such a limited circumstance exists where a plaintiff does not challenge removal on the basis of a lack of subject matter jurisdiction until more than 30 days following removal.  Id. at 1214 n. 64.  In such a later challenge, "the court may look to any relevant information the parties may present, up until the time of the challenge to jurisdiction." Id.

Following Lowery, a district court in Alabama, in a case procedurally similar to the case at bar, concluded that a post-removal settlement demand of $150,000 was admissible evidence of the amount in controversy at the time of removal and held that the settlement demand letter was sufficient to establish by a preponderance of the evidence that the jurisdictional requirement was met.  Bankhead v. Am. Suzuki Motor Co., 529 F. Supp. 2d 1329, 1333, 1335 (M.D. Ala. 2008).  In Bankhead, the defendant removed the case to federal court based on diversity of citizenship.  Id.

---

[2] Plaintiff does not dispute that he made this offer as a compromised settlement amount.

- 7 -

at 1331. As in the instant case, the plaintiff sought an unspecified amount of damages in the complaint. Id. at 1332. Seven months following removal to federal court, the plaintiff sent the defendant a settlement demand in the amount of $150,000. Id. at 1333. One month after the plaintiff sent the settlement demand, the plaintiff moved the court to remand the action. Id. In a persuasive, published opinion, the Alabama district court denied the motion, finding that the settlement demand provided "post-removal clarification of the removal notice showing that the amount in controversy at the time of removal far exceeded the jurisdictional requirement." Id.

Strikingly similar to Bankhead, in the case before this Court, Plaintiff made a compromised settlement offer of $150,000 about four months after Defendant filed its Notice of Removal. As Defendant argues, nothing in the record reflects that the amount in controversy increased between the time of removal and the time that Plaintiff made the settlement offer. Therefore, even if Defendant's Notice of Removal is defective, Plaintiff's $150,000 settlement offer provides post-removal clarification that the amount in controversy at the time of removal exceeded the $75,000 jurisdictional requirement. See Pretka, 608 F.3d at 772-73 (holding that post-removal developments are properly weighed where they provide additional information concerning the amount in controversy at the time of removal); see also Lowery, 483 F.3d at 1212 n. 62 (noting that settlement offers can serve as evidence of the amount in controversy). Simply put, this is not a case where Plaintiff never sought, nor intended to accept, greater than $75,000 in damages from Defendant.

Plaintiff attempts to dispute jurisdiction with what is essentially evidence of post-removal changes in the amount in controversy, but this evidence is not properly before the Court for consideration and does not change the Court's analysis. See Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1282 (S.D. Ala. 2009) ("[W]hat is prohibited are post-removal changes in the amount in controversy, not post-removal clarifications of the amount that was in controversy

at the moment of removal."). In this regard, Plaintiff presents evidence that he has been able to resume participation in various sports activities and that the tip of his finger has been "remarkably" repaired. (Plaintiff's Reply Br. in Supp. of Mot. to Remand [Doc. No. 31] at 2-3.) However, these subsequent case developments are the precise type of "events occurring after removal which may reduce damages recoverable below the amount in controversy requirement [that] do not oust the district court's jurisdiction." Poore, 218 F.3d at 1291. Plaintiff also mentions that he ultimately lowered his initial settlement demand to $35,000, but Plaintiff's reduction of his claim or willingness to accept a settlement payment below the requisite jurisdictional amount, likely given the subsequent developments, does not deprive this Court of subject matter jurisdiction. See Bankhead, 529 F. Supp. 2d at 1334 (citations omitted) (construing plaintiff's "second settlement demand letter as a post-removal waiver of a certain amount of damages in an effort to deprive [the] court of jurisdiction" and rejecting plaintiff's effort to do so).

Again, the relevant time period for purposes of the Court's analysis is the time of removal. Plaintiff, at that time, contemplated that there would be and sought damages for, among other things, future medical bills, future pain and suffering, and future lost income. That Plaintiff's finger apparently now has healed to the point that such damages are likely not recoverable is completely irrelevant to the Court's present analysis of the jurisdictional challenge.

In sum, in light of Plaintiff's undisputed settlement offer of $150,000, the Court is of the opinion that Defendant has met its burden of establishing that it is more likely than not that the amount in controversy, at the time of removal, exceeded $75,000, as necessary to support federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## III.  CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Remand [Doc. No. 25].

SO ORDERED this 7th day of August, 2015.

*s/  CLARENCE COOPER*

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE

- 10 -